UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEUROLOGY AND PAIN MANAGEMENT ASSOCIATES, P.C., doing business as VANGUARD ELDERCARE, also known as VANGUARD ELDERCARE MEDICAL GROUP,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY BUNIN, and BIO-BEHAVIORAL CARE SOLUTIONS, LLC,<br><br>Defendants.<br>_____<br><br>ANTHONY BUNIN,<br><br>Counter Claimant,<br><br>vs.<br><br>NEUROLOGY AND PAIN MANAGEMENT ASSOCIATES, P.C.,<br><br>Counter Defendant. | No. 1:16-cv-02856-LJM-MPB |

**ORDER ON MOTION TO REMAND AND MOTION TO TRANSFER**

This Order addresses two motions pending before the Court. The first motion is Plaintiff's, Neurology and Pain Management Associates, P.C., d/b/a Vanguard Eldercare a/k/a Vanguard Eldercare Medical Group ("Vanguard"), Motion to Remand. In that Motion, Vanguard asserts that Defendant Bio-Behavioral Care Solutions, LLC's ("BCS's") Notice of Removal (the "Notice") was defective because BCS failed to promptly file the Notice in the relevant Indiana state court (the "Indiana Court") through a licensed Indiana

1

attorney, in violation of 28 U.S.C. § 1446(d).  *See generally*, Dkt. No. 21.  BCS, however, argues that the Indiana Court received sufficient notice of the removal, therefore rendering its Notice—and its subsequent Amended Notice of Removal (the "Amended Notice")—effectual.  *See generally*, Dkt. No. 22.

The second motion is BCS's Motion to Transfer.  BCS asserts that this action should be transferred to the Eastern District of Michigan because it is so closely related to another pending action in that district, Cause No. 2:14-cv-14123-AC-RSW (the "Michigan Action"), which involves similar issues and parties.  *See generally*, Dkt. No. 17.  In response, Vanguard claims that the Eastern District of Michigan does not have a sufficient connection to this action to justify such a transfer and that, if this action were not remanded to the Indiana Court, the proper venue is the Northern District of Indiana.  *See generally*, Dkt. No. 28.

## I. BACKGROUND

On September 26, 2016, Vanguard filed its Complaint against Defendants BCS, Anthony Bunin ("Bunin"), and Robert Clemente,[1] asserting breach of contract, breach of fiduciary duty, fraud, tortious interference with business relationships, and unfair competition.  Dkt. No. 1-1 (the "Complaint").  Vanguard's claims arise from a Memorandum of Understanding between Vanguard and Bunin, an employee of Vanguard's competitor, BCS, entered into on November 1, 2012.  *Id*. at ¶ 8.  Under the Memorandum of Understanding, Bunin agreed to provide marketing, strategic, collaborative, and developmental services for Vanguard's residential senior facilities and

---

[1] Although Robert Clemente was originally named as a defendant to this action, Vanguard has since voluntarily dismissed him from this action.  *See* Dkt. Nos. 31 and 32.

2

hospitals.  Complaint, Ex. A (the "Memorandum of Understanding"), ¶ 2E.  Although the Memorandum of Understanding indicates that Bunin and Vanguard were to further define the Service Area in which Bunin was to provide these services, it does state that the Service Area would "first include the Indiana market with [Vanguard's] existing facilities for behavioral healthcare services."  *Id.* at ¶ 2D.  The Memorandum of Understanding further indicates that it is governed by Indiana law.  *Id.* at ¶ 12.

In the Complaint, Vanguard claims that Bunin deceived Vanguard by falsely informing Vanguard that he had terminated his employment with BCS and by falsely reporting his activities on Vanguard's behalf.  Complaint, ¶¶ 12, 16-19.  Vanguard further asserts that Bunin breached the Memorandum of Understanding by continuing to work and solicit business for BCS, in spite of a non-compete clause in the Memorandum of Understanding intended to prevent Bunin from diverting business away from Vanguard.  *Id.* at ¶¶ 13-15, 19-30.  As a result, Vanguard brings claims against Bunin for breach of contract, breach of fiduciary duty, and fraud against Bunin, as well as claims of constructive fraud, tortious interference, and unfair competition against BCS and Bunin.  *See generally*, Complaint.

On October 20, 2016, BCS filed the Notice with this Court, in which it stated that all of the defendants had received the Complaint on October 3, 2016.  Dkt. No. 1, ¶ 2.  The attorney for BCS, whose license to practice law in Indiana was administratively suspended, also filed a Notice with the Indiana Court on October 20, 2016.  *Id.* at ¶ 12, 6-7.

On November 11, 2016, BCS filed the Amended Notice in this Court, further clarifying the citizenship of BCS and its members.  Dkt. No. 18.  Vanguard filed its Motion

to Remand on November 21, 2016, claiming that the Indiana Court had not received proper notice of the removal because the Notice of Removal was filed in the Indiana Court by an attorney who was not licensed to practice law in Indiana. Dkt. No. 21. Indiana attorney Raymond Hafsten re-filed a Notice of Removal with the Indiana Court on November 22, 2016, on BCS's behalf. Dkt. No. 25, Ex. A.

On November 8, 2016, BCS filed its Motion to Transfer this action to the Eastern District of Michigan. Dkt. No. 16. In its Motion to Transfer, BCS asserts that the Eastern District of Michigan should adjudicate this action because that district has been adjudicating the Michigan Action since 2014 and involves similar parties and claims to those at issue in this action. *See generally*, Dkt. No. 17.

In the Michigan Action, BCS brought claims on September 22, 2014, against Doctors Behavioral Hospital, LLC ("Doctors Hospital"), arising from a Marketing Agreement formed between BCS and Doctors Hospital, effective January 24, 2013. In its complaint, BCS alleged that Doctors Hospital failed to pay the amounts owed to BCS for services performed pursuant to the Marketing Agreement. Complaint*, Bio-Behavioral Care Solutions, LLC v. Doctors Behavioral Hospital*, *LLC*, No. 2:14-cv-14123-AC-RSW, Dkt. No. 1, Ex. 1.

BCS claims that the parties involved in this action and in the Michigan Action are similar because Doctors Hospital and Vanguard are both part of the Physicians Hospital System a/k/a the NeuroPsychiatric Hospitals System (the "Physicians Hospital System") and because Vanguard is specifically identified in the Marketing Agreement as an affiliate of Doctors Hospital. Dkt. No. 17 at 1-2. BCS further indicates that Bunin worked for BCS while the Marketing Agreement was effective and that Bunin entered into both an

4

Independent Contractor Agreement, effective January 7, 2013, and an Employment Agreement, effective September 7, 2013, with the Physicians Hospital System. *Id.* at 3.

BCS also states that this action and the Michigan Action involve the same issues because the Memorandum of Understanding between Bunin and Vanguard provides for similar services to those addressed in the Independent Contractor and Employment Agreements between Bunin and Physicians Hospital System. *Id.* Additionally, BCS indicates that Doctors Hospital asserted that Bunin violated its Employment Agreement with Physicians Hospital System by continuing to work for BCS in response to a Motion for Summary Judgment filed by BCS in the Michigan Action, just as Vanguard has asserted in this action. *Id.* at 3-5.

## II. MOTION TO REMAND

In its Motion to Remand, Vanguard primarily argues that because the attorney for BCS was administratively suspended from practicing law in Indiana, the Notice filed in the Indiana Court on October 20, 2016, is void, which would mean that BCS failed to meet all of the requirements of 28 U.S.C. § 1446 to properly affect the removal to this Court within the thirty-day statutory period. Dkt. No. 21, ¶¶ 7-13, 17-20. In response, BCS asserts that the Indiana Court received adequate notice of the removal from the Notice filed in the Indiana Court on October 20, 2016, and that the Notice as filed by Indiana attorney Raymond Hafsten on November 22, 2016, cured any potential defects related to the notice provided to the Indiana Court. Dkt. No. 22 at 2-5.

A party may remove to federal court a civil suit filed in state court so long as the district court has original jurisdiction. *See* 28 U.S.C. § 1441(a); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *FDIC v. JP Morgan Acceptance Corp. I*, 958 F. Supp.

5

2d 1002, 1004 (S.D. Ind. 2013). This Court has original jurisdiction over actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different states." 28 U.S.C. § 1332(a). A defendant that seeks to remove an action bears the burden of proving subject matter jurisdiction. *See Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 1993); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

A defendant seeking to remove an action to federal court from a state court must "file in the district court of the United States for the district and division within which such action is pending a notice of removal" within thirty days after the defendant received a copy of the complaint. 28 U.S.C. §§ 1446(a) & (b). "Promptly after the filing of [the] notice of removal," the defendant seeking removal must also provide written notice of the removal to all adverse parties and "shall file a copy of the notice [of removal] with the clerk of such State court" in order to give effect to the removal. 28 U.S.C. § 1446(d). Once a removal becomes effective, "the State court shall proceed no further unless and until the case is remanded." *Id.*

"Defective allegations of jurisdiction [within a notice of removal] may be amended" by the defendant seeking removal. 28 U.S.C. § 1653. Such amendments may be made even after the thirty-day period for removal expires if the defect to be amended is a procedural defect within the defendant's claim of jurisdiction and does not seek to add new jurisdictional grounds. *Tate v. Werner Co.*, No. IP 02-0031-C-K/T, 2002 WL 1398533, at *4 (S.D. Ind. June 26, 2002) (concluding that an amendment to a notice of removal that was intended to correctly state grounds for diversity jurisdiction was a procedural amendment and appropriate under 28 U.S.C. § 1653).

Although BCS did file its Amended Notice after the thirty-day statutory period ended, the Amended Notice only sought to more clearly define the citizenship of BCS and its membership and did not propose any new jurisdictional grounds. Therefore, the Amended Notice was proper even though it was made beyond the thirty-day statutory period. *See Id.*

Vanguard relies on *Macri v. M&M Contractors, Inc.*, 897 F. Supp. 381 (N.D. Ind. 1995), to support remand of this action because the attorney for BCS could not properly file the Notice with the Indiana Court. Dkt. No. 21, ¶¶ 12-14, 21. In *Macri*, the plaintiff sought to remand in part because the notice of removal as filed with the district court was not signed by the defendant, in violation of 28 U.S.C. § 1446(b). *Id.* at 385. The court in *Macri* concluded that the defendant's attempt to cure this signature defect after the expiration of the thirty-day statutory period was insufficient because the thirty-day period is "'strictly construed'" and did not allow for failures to comply with 28 U.S.C. § 1446(b) to be cured after the period had expired. *Id.* (quoting *Northern Ill. Gas Co. v. Airco Indus. Gases, A Div. of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982)).

However, in this action, Vanguard challenges that BCS did not meet the requirements of 28 U.S.C. § 1446(d) and does not challenge that BCS met the requirements of 28 U.S.C. § 1446(b). As stated above, 28 U.S.C. § 1446(d) requires only that a defendant seeking removal file a copy of the notice of removal with the state court "[p]romptly after the filing of [the] notice of removal" in the district court. 28 U.S.C. § 1446(d). Because 28 U.S.C. § 1446(d) is subject to a promptness standard, rather than the "strictly construed" thirty-day time limit found in 28 U.S.C. §1446(b), there is no requirement that a notice of removal must be filed with a state court within the thirty-day

statutory period. Therefore, although Vanguard validly asserts that BCS did not effectively file the Notice with the Indiana Court until attorney Hafsten filed the Notice on November 22, 2016, the fact that the Notice was filed with the Indiana Court more than thirty days after all of the defendants received the Complaint does not alone invalidate the Notice.

While 28 U.S.C. § 1446 does not provide a statutory definition for "promptly," courts have interpreted the term to have a variety of meanings. Some courts have indicated that delays up to twenty-two days, or even six months, have been sufficient to meet the promptness requirement under 28 U.S.C. § 1446(d). *See Bernegger v. Morrisette*, No. 2009 WL 911394, at *3 (E.D. Wis. Mar. 31, 2009) (citing *Nixon v. Wheatley*, 368 F. Supp. 2d 635 (E.D. Tex. 2005) (twenty-two day delay in filing notice of removal in state court); *Whitney v. Wal-Mart Stores, Inc.*, No. Civ. 04-38-P-H, 2004 WL 1941345, at *1 (D. Me. Aug. 31, 2004) (six-month delay in filing notice of removal in state court)). Furthermore, where a defendant has made a good faith effort to provide notice and the plaintiff has not been prejudiced by a delay in providing notice to a state court, "the requirements of section 1446(d) are sufficiently fulfilled to effect removal." *L&O P'ship No. 2 v. Aetna Cas. and Sur. Co.*, 761 F. Supp. 549, 552 (N.D. Ill. 1991). *See also*, *Rubalcava v. Rock Island Cty.*, No. 4:12-cv-4078, 2013 WL 3943253, at *3 (C.D. Ill. July 30, 2013). Because the Indiana Court has not taken any action in relation to this litigation since the Notice was filed in this Court on October 20, 2016, Vanguard has not been prejudiced in any way by the Indiana Court receiving effective notice of the Notice on November 22, 2016. Therefore, by correctly filing the Notice in the Indiana Court on November 22, 2016, BCS

sufficiently satisfied the requirements of 28 U.S.C. § 1446(d) to effect removal and avoid remand to the Indiana Court.

### III. **MOTION TO TRANSFER**

Turning to BCS's Motion to Transfer, BCS argues that the Court should transfer this action to the Eastern District of Michigan in accordance with 28 U.S.C. §§ 1404(a), 1406(a), and 1631[2] in the interest of convenience to the parties and in the interest of justice in light of the similar Michigan Action. Dkt. No. 17 at 8-11. In response, Vanguard asserts that the Eastern District of Michigan is not a proper venue for this action under 28 U.S.C. § 1391(b) and lacks sufficient connection to this action to justify a transfer to the Eastern District of Michigan under 28 U.S.C. § 1404(a). Dkt. No. 28 at 5-6, 10. Vanguard further argues that this action should be transferred to the Northern District of Indiana if its Motion to Remand is denied. *Id.* at 6-9.

Under 28 U.S.C. § 1404(a), a district court may transfer an action to any other district or division where the action could have been brought or to which the parties consent "[f]or the convenience of the parties and witnesses [and] in the interest of justice." Such a transfer under 28 U.S.C. § 1404(a) is appropriate only "when the moving party establishes that (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice." *Comm'ning Agents, Inc. v. Long,* __ F. Supp. 3d __, No. 1:15-cv-00062-TWP-DKL, 2016 WL 2866053, at *3

---

[2] As stated above, Defendant Robert Clemente has been voluntarily dismissed from this action. *See* Dkt. Nos. 31 and 32. Therefore, BCS's arguments in favor of transferring venue to the Eastern District of Michigan based on a lack of personal jurisdiction over Clemente under 28 U.S.C. §§ 1406(a) and 1631 are moot, and the Court will only address BCS's arguments under 28 U.S.C. § 1404(a).

(S.D. Ind. May 17, 2016) (citing *RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp.*, No. 1:14-CV-88-TWP, 2014 WL 3818289, at *2 (S.D. Ind. Aug. 4, 2014); *State Farm Mut. Auto. Ins. Co. v. Bussell*, 939 F. Supp. 646, 651 (S.D. Ind. 1996)). The interest of justice element "relates to the efficient administration of the court system rather than the merits of the underlying dispute." *Long*, 2016 WL 2866053, at *7. Factors considered in determining what is in the interest of justice include (1) "the likely speed to trial in each forum"; (2) "each forum's familiarity with the relevant law"; and (3) "the relationship of each forum to the controversy, particularly concerning whether jurors have a financial interest in the case, and whether jurors in one forum are better equipped to apply community standards." *Id*.

The party seeking a transfer of venue "has the burden to establish, by reference to particular circumstances, that the transferee forum is *clearly* more convenient that the transferor forum." *Id.* at *4. Because "[t]he weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude," a trial judge has broad discretion when determining whether to transfer venue. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). *See also*, *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986).

Although BCS argues that the Eastern District of Michigan is the most convenient venue for this action because it is so similar to the Michigan Action currently pending in that district, this Court is not persuaded. BCS contends that the Eastern District of Michigan would be a convenient forum for the parties because Bunin is employed by a Michigan entity and often travels to Michigan, because Physicians Hospital System, of which Vanguard is an affiliate, is currently litigating in the Michigan Action, and because

10

Vanguard has clients from Michigan.  Dkt. No. 17 at 9; Dkt. No. 30 at 7.  However, these statements alone are not sufficient for BCS to meet its burden to demonstrate that the Eastern District of Michigan clearly is a more convenient forum for Bunin, a citizen of Illinois, or Vanguard, an Indiana limited liability company.  *See Long*, 2016 2866053, at *4.  Furthermore, although BCS claimed that Bunin would be a witness in both this action and the Michigan Action, Dkt. No. 17 at 11, BCS failed to provide any reasons why the Eastern District of Michigan would be the most convenient forum for the other anticipated witnesses.

BCS largely focused its arguments on the interest of justice element under 28 U.S.C. § 1404(a), arguing that the Eastern District of Michigan is efficient because the Michigan Action has been pending there for over two years and concerns the same relevant law.  Dkt. No. 17 at 9-11; Dkt. No. 30 at 4-5.  The Court disagrees.  First, this action and the Michigan Action do not address the same relevant law because they arise from two different agreements between distinct parties.  While the Michigan Action concerns whether Doctors Hospital breached its Marketing Agreement with BCS, this action concerns whether Bunin breached his Memorandum of Understanding with Vanguard.  Because these actions require interpretation of two distinct agreements, the Eastern District of Michigan would have no advantage in interpreting Vanguard's claims in relation to the Memorandum of Understanding as a result of its familiarity with the Michigan Action.

Second, as suggested by Vanguard, the Court concludes that the Northern District of Indiana presents the most convenient forum for this action.  Because the Memorandum of Understanding at issue was negotiated and allegedly breached in the Northern District

of Indiana, the Northern District of Indiana constitutes a proper venue. 28 U.S.C. § 1391(b)(2). Furthermore, because most of the witnesses who have personal knowledge regarding the alleged breach of the Memorandum of Understanding are individuals associated with long term care facilities in Indiana, Dkt. No. 28, Ex. A, ¶ 8, the Northern District of Indiana provides a more convenient forum for those witnesses. The Memorandum of Understanding is also governed by Indiana law, Complaint, Ex. A, ¶ 12, and an Indiana court would likely be most familiar with such law. Additionally, the Northern District of Indiana would have a substantial interest in adjudicating this action because plaintiff Vanguard is an Indiana corporation with its principal place of business located in the Northern District of Indiana. Clearly, the Northern District of Indiana provides the best forum for the convenience of the parties and witnesses and for the interests of justice.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Vanguard's Motion to Remand and **GRANTS in part and DENIES in part** BCS's Motion to Transfer. For the reasons stated herein, this action is hereby **TRANSFERED** to the Northern District of Indiana.

IT IS SO ORDERED this 10th day of January, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

Jason P. Cleveland
CLEVELAND LEHNER CASSIDY
jason@clcattorneys.com

Meghan Uzzi Lehner
CLEVELAND LEHNER CASSIDY
meghan@clcattorneys.com

Jason R. Delk
DELK MCNALLY LLP
delk@delkmcnally.com

David Matthew Davis
HARDY LEWIS & PAGE PC
dmd@hardylewis.com